**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL NO.  2:04CV276**

| | | |
|---|---|---|
| **PRUDENTIAL COMMERCIAL REAL** | ) | |
| **ESTATE; C. DAN JOYNER CO.; and** | ) | |
| **MICHAEL QUILLAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **V. C. SMITH REAL ESTATE, INC.;** | ) | |
| **RAY TRINE; O'NEAL McCALL;** | ) | |
| **ELAINE ZACHARY or, in the** | ) | |
| **Alternative, KENNETH L. DINGLER;** | ) | |
| **ANDREA DINGLER; PATRICK** | ) | |
| **KENNEDY; PATRICIA A. KENNEDY;** | ) | |
| **and GIMLI, LTD.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the following motions:

1.      The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of

Defendants V. C. Smith Real Estate, Inc. (Smith), Ray Trine (Trine), O'Neal McCall

(McCall) and Elaine Zachary (Zachary), filed February 14, 2005;

2.      The Plaintiffs' motion to strike and for entry of a protective order, filed April 27, 2005;

3.      The Plaintiffs' motion for entry of a protective order, filed April 27, 2005;

4.      The motion of Defendants Smith, McCall and Zachary for an extension of time within

which to respond to interrogatories, filed May 10, 2005; and

5.      A separate motion by only Defendant Trine for such an extension, filed May 10, 2005.[1]


# I.  PROCEDURAL HISTORY

On December 28, 2004, the Plaintiffs initiated this action in which they allege the following causes of action: breach of contract, interference with contract, fraud, constructive fraud, misrepresentation, unjust enrichment, breach of a joint venture and a violation of the North Carolina Unfair and Deceptive Trade Practices Act.  **Complaint, filed December 28, 2004.** Thus, only state law claims have been alleged in the complaint.  While there is an allegation in the complaint that jurisdiction in this Court is based on diversity jurisdiction, the Court has been unable to ascertain diversity based on the residency of the parties.  Under the jurisdictional allegations of the complaint, it is alleged that Plaintiff C. Dan Joyner Company (Joyner) is a Delaware corporation with its principal place of business in South Carolina.  Plaintiff Michael Quillan (Quillan) is alleged to be an employee of Joyner licensed to do business in North Carolina; however, there is no allegation as to Quillan's residence and the Court is unable to ascertain whether Quillan is a citizen of North Carolina or South Carolina.

To complicate matters, the caption of the complaint names Prudential Commercial Real Estate (Prudential) as a Plaintiff.  The complaint, however, does not contain any allegations as to either the jurisdictional requirements or factual involvement of Prudential.  In fact, although Prudential's name appears on the caption, there is not a single mention of that entity in any other place in the complaint.

---

[1]The filing of a separate motion for this Defendant who is represented by the same attorney who represents the other Defendants moving for this relief is redundant and unnecessary.

As for the Defendants, Defendant Smith is alleged to be a North Carolina corporation, therefore, it is a North Carolina citizen.  However, Defendants Trine, McCall and Zachary are alleged  to be "doing business" in North Carolina but are not alleged to be residents or citizens of that State.  If, however, they are residents of South Carolina, diversity does not exist.  The omission is especially confusing since Defendants Kenneth and Andrea Dingler are alleged to be North Carolina residents.  Defendants Patrick and Patricia Kennedy are alleged to be Nevada residents although the affidavit of service shows they were served in California.  Defendant Gimli, Ltd. (Gimli) is alleged to be a California partnership.  Although Gimli filed an answer to the complaint, there is no affidavit of service for that Defendant.

"Absent diversity, a district court has subject matter jurisdiction in a case such as this only if the action arose under the Constitution, laws, or treaties of the United States." ***Interstate Petroleum Corp. v. Morgan***, **249 F.3d 215, 219 (4th Cir. 2001).**  "Accordingly, this case must be dismissed if [the Court] conclude[s] that [it] lack[s] subject matter jurisdiction." ***Id.***  In fact, this Court "must consider questions regarding jurisdiction whenever they are raised, and even *sua sponte*." ***Id.* (citations omitted); *accord, Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).**  As a result, the undersigned will require the Plaintiffs to clarify the issues raised *infra*.


## II.  THE PENDING MOTIONS

While review of the pending motions would normally be deferred until the question of jurisdiction has been resolved, the Court has determined that the pending motions, assuming *arguendo* there is jurisdiction, either border on being frivolous or do not warrant Court intervention.

Addressing first the Defendants' motion to dismiss, the Defendants argue the contract claims against the individual Defendants must be dismissed because as employees of Smith they may not be held individually liable. This argument is based on a misreading of the allegations of the complaint which do not allege the individual Defendants were employees of Smith but that they were employed by Smith, that is, they may be independent contractors. The Defendants' argument that the claim for interference with contractual relations omits an essential element was rendered moot when the Magistrate Judge allowed amendment of the complaint to cure that omission. The argument that the Plaintiffs failed to plead fraud with particularity overlooks the fact that the factual allegations of the complaint are incorporated into every substantive cause of action. Those allegations are sufficiently specific to withstand a motion to dismiss. ***Dunn v. Borta***, **369 F.3d 421, 426-27 (4th Cir. 2004) ("[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." (internal quotations omitted));** *Harrison v. Westinghouse Savannah River Co.*, **176 F.3d 776, 784 (4th Cir. 1999) ("[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." (internal quotation marks omitted)).**

The remainder of the motion to dismiss raises grounds which stridently attack the clarity of the complaint. Obviously, the Court finds the complaint defective in the allegations regarding jurisdiction. While greater specificity may have been possible as to the substantive claims, they are sufficient to withstand an attack on a motion to dismiss. "'A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual

inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" ***De'Lonta v. Angelone*, 330 F.3d 630, 633 (4ᵗʰ Cir. 2003) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4ᵗʰ Cir. 2002)).**

Plaintiffs moved to strike several paragraphs of allegations in the counterclaim asserted by Smith. The Court has reviewed the counterclaim and finds that the allegations are made to support a claim of misrepresentation. Whether such evidence would be admissible at trial is not before the Court. The motion to strike will be denied.

Contained within the motion to strike is a motion for a protective order. The Local Rules of the Western District of North Carolina require that any motion except a motion for default judgment, summary judgment or to dismiss be accompanied by a statement that counsel for the parties have met and attempted in good faith to resolve the disagreement. **Local Rule 7.1(A).** The motion does not contain any such statement and thus will be denied. For the same reason, the Defendants' motions for an extension of time to respond to interrogatories is denied.

The Plaintiffs also presented to the Court an impasse concerning the entry of a protective order in the case. Such orders are routinely agreed to among parties and submitted to the Court thereafter. The Defendants appear to take, again, a strident position concerning the proposed order. However, the Court will provide the parties with an opportunity to resolve the matter without Court intervention. They are advised, however, that a failure to reach such a resolution may result in the imposition of sanctions on one or more parties.

The Court takes this opportunity to advise the parties that it does not usually become involved in discovery disputes and expects counsel for the parties to resolve such issues absent a compelling need for Court intervention. Nor does the Court look kindly on the filing of motions

merely for the sake of delaying or multiplying the proceedings. Although this action was filed in December 2004, there still has not been entered a pretrial order and case management plan.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that on or before 14 days from entry of this Order the Plaintiffs shall respond to the jurisdictional issues posed by the Court.

**IT IS FURTHER ORDERED** that in the event the jurisdictional issues are resolved in favor of this Court exercising diversity jurisdiction, then each of the motions referenced herein shall be **DENIED** *nunc pro tunc*, and a pretrial order will be entered by the Court.

**Signed: June 10, 2005**

Lacy H. Thornburg
United States District Judge