**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL NO. 2:04CV276**

| | |
|---|---|
| **PRUDENTIAL COMMERCIAL REAL ESTATE; C. DAN JOYNER CO.; and MICHAEL QUILLAN,** ) ) ) )| |
| **Plaintiffs,** ) )| |
| **vs.** ) )| **O R D E R** |
| **V. C. SMITH REAL ESTATE, INC.; RAY TRINE; O'NEAL McCALL; and ELAINE ZACHARY,** ) ) ) )| |
| **Defendants.** ) )| |

**THIS MATTER** is before the Court on the following matters:

1.      the motion of Defendant V.C. Smith Real Estate, Inc. (Smith) to compel answers to

interrogatories, filed July 5, 2005;

2.      the motion of Smith to amend its answer and counterclaims, filed July 7, 2005;

3.      the motion of all Defendants to compel the production of expert witness reports, filed

July 25, 2005; and

4.      the Plaintiffs' second motion to amend the complaint.

The Plaintiffs' motion to amend the complaint is not opposed by the Defendants and it is,

therefore, granted.

        The Court first addresses a housekeeping matter.  Pleadings which are filed in this Court

are to be styled in a font no smaller than 12 and must be double spaced.  The Court does not

accept single spaced pleadings. Each of the pleadings filed by the Defendants has a small font and is single spaced. Defense counsel was probably unaware of this custom, however, in the future, all pleadings shall be in compliance.

**A.      The motion to compel answers to interrogatories**

As was noted in this Court's previous Order, no pretrial order and case management plan has yet been entered in this case. Apparently, the parties have begun consensual discovery prior to the entry of such an order. The Court does not become involved in discovery until such an order has been entered.

Without explicitly ruling on the motion, it is noted, however, that the interrogatories posed by Defendant Smith appear to seek privileged information and are otherwise overly broad. For example, in the motion to compel, counsel is far more specific than in the interrogatories posed, showing that he is capable of greater specificity. In short, the Court has already cautioned defense counsel to cooperate in these matters and not to take an overly strident posture in discovery matters. This Court will not micro manage the discovery phase of this action. In the future, if the Court finds that counsel for either side is being unreasonable by needlessly multiplying the proceedings, requiring unnecessary hearings, or engaging in disputed discovery practices which should be resolved without Court intervention, the offending party will be assessed appropriate costs.

**B.     The motion to compel expert reports**

Defense counsel is correct that expert reports are required by Fed. R. Civ. P. 26(a)(2)(B); however, he is incorrect as to the timing of those reports.  The Rule expressly states that "[t]hese disclosures shall be made at the time and in the sequence directed by the court."  **Fed. R. Civ. P. 26 (a)(2)(C).**  That time and sequence has not yet been directed by the Court because the pretrial order and case management plan has not yet been entered.  While the parties may have agreed at their Rule 26 conference on certain dates, those dates have not yet been reduced to an Order, and, the parties expressly requested a pretrial conference with the Court for that purpose.  ***See, e.g., Indemnity Ins. Co. of North America v. American Eurocopter, LLC*, 227 F.R.D. 421 (M.D.N.C. 2005); *Coles v. Jenkins*, 181 F.R.D. 569, 570 (W.D. Va. 1998) ("[T]he language of the Rule leaves enforcement completely to the court's discretion[.]").**  In short, this motion is premature.

**C.     The motion to amend the answer to assert an affirmative defense and to amend the counterclaims**

Defense counsel advises that in late June 2005, he learned that the real estate license for Plaintiff Michael Quillan had been in an inactive status from July 2, 2001, through May 1, 2003.  Smith seeks leave to amend the answer in order to assert an affirmative defense of illegality and to amend the counterclaims as well.  Plaintiffs oppose the motion claiming the right to assert the defense was waived by filing an answer omitting it, they will be prejudiced by its addition, and the defense would be futile in any event.  Plaintiffs' argument that the defense would be futile is

based on facts which are not yet of record. As a result, the undersigned will not consider that argument.

> Although it is indisputably the general rule that a party's failure to raise an affirmative defense in the appropriate pleading results in waiver, there is ample authority in this Circuit for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion. This view is in accord with the vast majority of [the] sister circuits [of the Fourth Circuit].

*Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) (internal citations omitted); *see also*, *S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373 (4th Cir. 2003) (citing *Brinkely*). Although the Plaintiffs claim prejudice, they admit that during the controversy at hand and prior to bringing suit, they were aware that the Defendants did not believe Quillan to be licensed. Moreover, the litigation is in its early stages. The Court does not find any prejudice, undue delay, or bad faith.

**IT IS, THEREFORE, ORDERED** that the Defendant Smith's motion to compel answers to interrogatories is hereby **DENIED** without prejudice to renewal if counsel do not subsequently agree on same;

**IT IS FURTHER ORDERED** that the Plaintiffs' motion to amend the complaint is hereby **GRANTED**, and the Second Amended Complaint attached to the motion is hereby deemed filed as of the date of entry of this Order**;**

**IT IS FURTHER ORDERED** that the Defendants' motion to compel expert reports is hereby **DENIED** without prejudice to renewal if counsel do not subsequently agree on same; and

**IT IS FURTHER ORDERED** that the Defendant Smith's motion to amend the answer and counterclaims is hereby **GRANTED**, and the Amended Answer and Amended Counterclaim attached to the motion is hereby deemed filed as of the date of entry of this Order.

The Clerk of Court is directed to schedule an initial pretrial conference before the undersigned forthwith.

**Signed: July 29, 2005**

Lacy H. Thornburg
United States District Judge