IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:04CV276

| | |
|---|---|
| PRUDENTIAL COMMERCIAL REAL ESTATE; C. DAN JOYNER CO.; and MICHAEL QUILLAN, )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>V. C. SMITH REAL ESTATE, INC.; RAY TRINE; O'NEAL McCALL; and ELAINE ZACHARY, )<br><br>Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' motion for summary judgment and the Plaintiffs' motion to delay ruling thereon until discovery has been completed.

The Court does not find it necessary to wait for a response from the Defendants concerning the motion to delay ruling because the motion for summary judgment has been prematurely filed. **Fed. R. Civ. P. 56(f).** The initial pretrial conference has not yet occurred and no discovery plan has been set.

For purposes of any future motion, the Court does note that the affidavit provided in support of the Defendants' motion for summary judgment is troubling for several reasons. Blackwell Brogden averred that he is employed as the Chief Deputy Legal Counsel to the North Carolina Real Estate Commission. He further averred that the Commission is currently investigating a complaint filed against one of the Plaintiffs, Michael Quillan, by one of the

Defendants, Ray Trine.  **Affidavit of Blackwell M. Brogden, Jr., ¶¶ 1, 4.**  The complaint before the Commission involves the same conduct which is the subject of this action.  *Id.*  Yet, while such an investigation is occurring, Mr. Brogden has provided an affidavit on behalf of the Defendants, including Mr. Trine.  This would appear to be a conflict of interest.  Moreover, in the affidavit, Mr. Brogden makes legal and factual conclusions concerning both Mr. Quillan and C. Dan Joyner Company, another Plaintiff.  For example, Mr. Brogden opines as follows:

> As Mr. Quillan was never under the supervision of Mr. Trine as provided by Commission rules as demonstrated by the lack of any supervision form ever signed by Mr. Quillan and Mr. Trine, these answers appear to be both factually and legally incorrect.
> . . .
> If in fact Mr. Quillan entered North Carolina as an agent of and on behalf of C. Dan Joyner Commercial Realty, Inc., in December 2001 or January 2002, and while physically present in this state entered into the brokerage contract for services to be rendered with regard to the Bear Lake Property . . ., then the acts of Mr. Quillan and the firm he represented were in violation of the Real Estate License Law and Commission rules discussed above as he was then on inactive status and could not engage in acts of real estate brokerage in North Carolina.
> . . .
> Since Mr. Quillan was not on active status and C. Dan Joyner Commercial Realty, Inc., could not use Mr. Quillan to perform acts on its behalf, their participation in the described agreement violates the Real Estate License Law and Commission rules as cited above.
>
> N.C.G.S. 93A-8 makes violation of the Real Estate License Law a Class I misdemeanor.

*Id.*, ¶¶ 14, 17, 22-23.  Despite the admission of Mr. Brogden that "[t]he complaint by Mr. Trine remains under investigation to determine whether the licensees involved have met their respective duties for agency agreements and disclosures in this matter, and to the extent to which these licensees are individually culpable for the violations of the various rules[,]" he has rendered opinions as to the very conduct under investigation.  *Id.*, § 18.  This is an irregularity not

3

previously experienced by the undersigned. While this is a matter for the Commission, the Court does note that the qualification of Mr. Brogden as an expert in this Court under such circumstances would be highly doubtful.

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for summary judgment is hereby **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Plaintiffs' motion to continue Defendants' motion for summary judgment is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that until the completion of the initial pretrial conference on August 29, 2005, no party in this action may make any further filings without obtaining prior approval from the Court.

**Signed: August 22, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge