F I L E D
ASHEVILLE, N.C.

SEP 2 2005

U.S. DISTRICT COURT
W. DIST. OF N.C.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
Docket No. 2:04CV276

PRUDENTIAL COMMERCIAL REAL )
ESTATE, C. DAN JOYNER CO., and )
MICHAEL QUILLAN, )
     )
     )
        Plaintiffs, )
     )
     )
        v. )
     )
     )
V. C. SMITH REAL ESTATE, INC., )
RAY TRINE, ONEAL MCCALL, and )
ELAINE ZACHARY, )
     )
        Defendants. )
     )

**CONSENT**
**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following terms and conditions shall govern the treatment of confidential information and documents produced or disclosed by the Movants in response to the Subpoenas or in the course of discovery:

1.    This Order applies to any and all "confidential information," which term is deemed as all information designated as confidential by any of the Movants or producing party. Such confidential information may take the form of documents and/or any other information produced in discovery herein and designated confidential by the producing party. Any such information actually produced and provided by any party under this Order shall be expressly designated by counsel of record for the Movants as confidential pursuant to paragraph 4 below.

2.    Unless and until otherwise ordered by this Court or consented to in writing by counsel for the party producing the confidential information, all confidential information subject to this Order shall be made available only to "Qualified persons" (as defined in paragraph 3 below) who shall agree (in the manner set forth in paragraph 3 below) to be bound by this Order

and who shall not disclose nor permit disclosure of such confidential information to anyone who is not also a "Qualified person" hereunder. Unless counsel of record for the party producing the confidential information consents in writing to any other use, such confidential information shall be used solely in connection with the prosecution or defense of this action.

3. The term "Qualified person" as used in this Order shall include only the following:

(a) counsel of record for the parties in this action, including in-house counsel, and employees of counsel engaged in the conduct of this action and all other attorneys, paralegals, stenographic and clerical employees of the law firm(s) of such counsel of record who shall use such information solely for purposes of this litigation or assisting in the prosecution or defense of this action;

(b) officers, directors or employees of the receiving party, who shall use such information solely for purposes of this litigation, provided that each such officer, director or employee signs a certificate in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things; and

(c) witnesses or deponents, whose testimony is reasonably related to the confidential information sought to be disclosed by him, and the counsel for any such witnesses or deponents; provided that each such witness, deponent or counsel signs a certificate in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things.

(d) independent experts, consulting firms or other independent contractors who are not regular employees of a party hereto, but who are assisting counsel of record ;

2

(e)    court personnel and reporters assigned to this action or any matter related to this action;

(f)    the author of the confidential information, the addressee(s) or other recipient(s) thereof; and

(g)    other Qualified persons as agreed by the party who produced the confidential information or as ordered by the Court. "Qualified persons" as defined in this paragraph shall consent in writing (by executing the form of certificate attached hereto as Exhibit A) to be bound to the terms of this Order.

4.    All confidential information provided by the producing party that shall be subject to this Order shall be designated or labeled by the producing party in the following manner: there shall be stamped on each page of a document the designation "Confidential" or "Subject to Protective Order." If such documents or information are filed with any Court for any reason, they shall be placed in sealed envelope(s), or other appropriate sealed container(s), which shall bear similar endorsement referring specifically to this Order. If any party wishes to challenge the designation of any Movant's confidential information at any time, the challenging party shall do so by filing a motion with this Court. The parties shall treat the confidential information as confidential until such time as this Court enters an order designating the information as not confidential. No party hereto waives any rights it may have with respect to the proprietary nature of this confidential information.

5.    The entry of this Order shall not prohibit the use of confidential information subject to this Order in the taking of depositions herein; provided, however, that the depositions in which such confidential information is used or in which such information is disclosed, shall also be subject to this Order and only "Qualified persons" may be present at such depositions.

Upon designation by the party requesting confidential treatment, all portions of the transcripts of such depositions referring to or in any way revealing the contents of confidential information subject to this Order shall be deemed to be "confidential" subject to this Order and shall be separately bound and marked by the court reporter as subject to this Order.

6.      The entry of this Order shall not restrict or limit the use of any information subject to this Order at trial or at any hearing; provided, however, that this Order shall not be construed to be a waiver of any objection to the introduction, use or reference to such information at trial or at a hearing or of any right to move to limit or restrict such introduction, use or reference at trial.

7.      Within ninety (90) days after the termination of this action by trial, appeal, settlement or otherwise, all information, including all copies thereof (other than copies or originals of such information filed with the Court), which is the subject to this Order will be returned to counsel of record producing such information without any copies of any of the foregoing being retained by the person returning such information.

8.      Nothing contained in this Order shall apply to:

(a)     information which at or prior to disclosure thereof in this action is or was in the public domain or which, after disclosure thereof to the persons bound by this Order, becomes public without action on their part; or

(b)     information which was rightfully possessed by the party receiving it prior to its production in the proceedings of this action irrespective of any "confidential" designation by the producing party.

9. In complying with this Order, no party waives its attorney-client privilege or any other protection provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or persons with respect to any information subject to this Order.

10. The provisions of this Order shall continue to be binding upon conclusion of this action. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following conclusion of this action.

11. This Order is without prejudice to the right of any party to apply to the Court for an order permitting other information produced in discovery herein to be treated as confidential, pursuant to the terms of this Order.

12. This Order is without prejudice to the right of any party to contend that information need not be disclosed for any reason permitted by law, including but not limited to grounds of privilege, absence of relevance or burden

This the 2nd day of ____September____, 2005.

THE HONORABLE LACY H. THORNBURG
United States District Judge

WE CONSENT:

COWARD, HICKS & SILER, P.A.

By:_____
     WILIAM B. COWARD
Attorneys for Defendants
P.O. Box 1918
Cashiers, NC 28717-1918
Phone: 828-743-2401

VAN WINKLE, BUCK, WALL, STARNES
and DAVIS, P.A.

By:_____
     W. PERRY FISHER, II, NC Bar # 14153

By:_____
     CLAIRE VUJANOVIC, NC Bar # 33062
Attorneys for Plaintiffs
P.O. Box 7376
Asheville, NC 28802-7376
Phone: 828-258-2991

| | | |
|---|---|---|
| PRUDENTIAL COMMERCIAL REAL ESTATE, C. DAN JOYNER CO., and MICHAEL QUILLAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | **CERTIFICATE OF CONSENT TO BE BOUND BY CONSENT PROTECTIVE ORDER** |
| v. | ) ) | |
| V. C. SMITH REAL ESTATE, INC., RAY TRINE, ONEAL MCCALL, and ELAINE ZACHARY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

The undersigned hereby agrees to be bound by the terms of the Consent Protective Order entered in the above-captioned civil action, a copy of which has been provided to me. I further state that I have read the Consent Protective Order, and understand and agree to the terms and conditions thereof.

Print Name:_____

Address: _____

Telephone:_____

Exhibit "A"